IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEREMY SHEWMAKE, B29646,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-02921-SMY |
| ) | |
| **MARY DAMBACHER,** ) | |
| **MADISON COUNTY JAIL,** ) | |
| **MADISON COUNTY SHERIFF DEPT.,** ) | |
| **JANE DOES and JOHN DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeremy Shewmake, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Graham Correctional Center, brings this action under the Americans with Disability Act (ADA) and 42 U.S.C. § 1983 for alleged deprivations of his rights at Madison County Jail.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-8): During his detention at Madison County Jail from May through September 2022, Plaintiff was: (a) denied

---

[1] Plaintiff originally filed his Complaint in the United States District Court for the Central District of Illinois. *See Shewmake v. Dambacher, et al.*, Case No. 23-cv-03260 (C.D. Ill. filed Aug. 22, 2023). The case was transferred to this court because Plaintiff's claims arose at a jail situated in this federal judicial district. (Docs. 1, 5-6).

1

Case 3:23-cv-02921-SMY   Document 11   Filed 10/16/23   Page 2 of 5   Page ID #8

accommodations for his hearing disability (Count 1); (b) denied accommodations and medication for his seizures (Counts 2 and 3); (c) exposed to inmates with COVID (Count 4); and (d) denied access to a fair grievance process (Count 5). Plaintiff does not specifically identify any defendants in the statement of his claim. He instead refers to the defendants as "nurse," "medical provider," "medical," "staff," "they," and "them." *Id*.

## Discussion

The Complaint does not survive screening against the defendants, who are all named as parties in their individual capacities in the case caption but mentioned nowhere in the statement of claim or exhibits. The Court lacks information necessary to analyze what role each defendant played, if any, in the alleged violation of Plaintiff's rights.

Plaintiff brings this action under 42 U.S.C. § 1983. Liability under this statute hinges on personal involvement in a constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). The doctrine of *respondeat superior* does not apply. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). As such, Plaintiff must name the individual defendants who he claims violated his rights and also describe what each individual did, or failed to do, to cause the deprivation. *Id*.

Plaintiff must also associate specific defendants with specific claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The fact that Plaintiff does not know the exact names of each defendant is not a problem, as he can pursue claims against unknown defendants at this early stage. *Martin v. Noble Cnty. Sheriff's Dep't*, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021). He should simply identify each person in the case caption using a generic name, like John Doe 1, Jane Doe 1, *etc*., and also refer to each individual using the same name consistently throughout his statement of claim. If any claim against an unknown defendant survives screening under 28 U.S.C.

2

§ 1915A, the Court will provide instructions and deadlines for identifying each one in the merits review order. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Plaintiff's related Motion for Defendants' Names (Doc. 4) shall therefore be denied as unnecessary.

Plaintiff separately asserts ADA claims against the individual defendants for discrimination based on his disabilities, *i.e.*, hearing loss and seizures. (Doc. 1). However, he has not named any defendant in an official capacity or identified a public entity in connection with these claims. *See* 42 U.S.C. § 12131 (Title II of the ADA forbids discrimination based on a disability by "any public entity."). A plaintiff may not sue defendants in their individual capacities for ADA violations. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). For ADA claims, the proper defendant is the organization or individual, in his or her official capacity. *Verrier v. Murphy*, 2020 WL 1975168, at *6 (E.D. Wis. April 24, 2020).

Having failed to identify any defendants in connection with the pending claims, Plaintiff's Complaint does not survive screening and will be dismissed without prejudice. Plaintiff will have an opportunity to file an amended complaint, but must comply with the below deadline and instructions.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim, and Plaintiff's Motion for Defendants' Names (Doc. 4) is **DENIED**. Plaintiff may file a First Amended Complaint on or before **November 13, 2023**, if he wishes to proceed with any claim in this case. Should he decide to do so, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and list this case number on the first page (No. 23-cv-2921-SMY). Plaintiff should

identify each defendant in the case caption and include sufficient allegations against each to describe what the defendant did to violate his rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and it will be subject to review under 28 U.S.C. § 1915A.

Plaintiff is **WARNED** that if he fails to file a First Amended Complaint consistent with the deadline and instructions herein, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**To facilitate Plaintiff's compliance with this Order, the Clerk is DIRECTED to mail Plaintiff a civil rights complaint form, along with this Order.**

**IT IS SO ORDERED.**

**DATED: October 16, 2023**          <u>*s/ Staci M. Yandle*</u>
                                     **STACI M. YANDLE**
                                     **United States District Judge**